**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL MARK GERSHKOWITZ, an individual; ROBERTA ELLEN GERSHKOWITZ, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> STATE FARM GENERAL INSURANCE COMPANY, <br><br> Defendant-Appellee. | No. 23-55432 <br><br> D.C. No. 2:21-cv-01655-SPG-E <br><br> MEMORANDUM[*] |
| SAUL MARK GERSHKOWITZ, an individual; ROBERTA ELLEN GERSHKOWITZ, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> STATE FARM GENERAL INSURANCE COMPANY, <br><br> Defendant-Appellant. | No. 23-55473 <br><br> D.C. No. 2:21-cv-01655-SPG-E |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Panel

Submitted October 22, 2024[**]
Pasadena, California

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

State Farm General Insurance Company denied Saul and Roberta Gershkowitzes' insurance claim after an investigation. The Gershkowtizes' claim stemmed from water damage in their house. State Farm denied the claim after concluding it was due to "continuous or repeated seepage or leakage," losses for which are expressly excluded from coverage under the policy.

The Gershkowitzes sued State Farm for breach of contract and breach of the implied duty of good faith and fair dealing. The district court entered summary judgment against the Gershkowitzes on their bad-faith claim but allowed the breach-of-contract claim to proceed to trial. At trial, the jury awarded the Gershkowitzes $51,006.54. The Gershkowitzes appeal the entry of summary judgment on their bad-faith claim. State Farm cross-appeals on the breach-of-contract claim but asks that we reach its cross-appeal only if we reverse on the bad-faith claim. We affirm.

As the district court concluded, no reasonable juror could conclude under the totality of the circumstances that State Farm acted unreasonably or in bad faith.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*See Wilson v. 21st Century Ins.*, 42 Cal. 4th 713, 723 (2007) ("An insurer's good or bad faith must be evaluated in light of the totality of the circumstances surrounding its actions."). None of the Gershkowitzes' arguments to the contrary are persuasive.

*First*, it was reasonable that State Farm did not examine or inspect the failed pipe, and no reasonable factfinder could conclude otherwise. The Gershkowitzes' plumber, Beny, had discarded the failed section of pipeline before the Gershkowitzes contacted State Farm, so State Farm could not examine or inspect it. Additionally, State Farm reviewed Beny's invoice, which stated that the pipe had a pinhole leak.

*Second*, it was reasonable for State Farm not to conduct rate and flow measurements because the piping had already been replaced. Further, Ms. Urquilla asked Mr. Gershkowitz whether rate and flow measurements were taken before the leak was fixed, but Mr. Gershkowitz reported he didn't know. Ms. Urquilla asked Beny for that information, but Beny never responded.

*Third*, it was reasonable for State Farm to contest the claim based on its initial understanding that the pipe failed under the house despite open questions regarding the location of the failed pipe. Mr. Gershkowitz told State Farm multiple times that the pipe failed under the house. Beny's invoice concurs; it reports a leak "under [the] house" and refers to "replacing [a] broken section under the house."

And even if Mr. Gross told State Farm that he believed the leak developed above the floor, it was reasonable for State Farm to discredit these statements since Mr. Gross never saw the leak.

*Fourth*, it was reasonable that State Farm did not interview Beny or Ms. Gershkowitz. Mr. Gershkowitz suggested that State Farm did not need to speak to Beny, and that he would pass any questions along. State Farm sent questions for Beny, but Beny never answered. After Ms. Urquilla later called and left a message for Beny, she learned that Beny was hospitalized. And, in any case, State Farm had received and reviewed Beny's invoice. Similarly, it was not necessary to interview Ms. Gershkowitz because there is no evidence that she saw the leak or could explain its cause.

*Fifth*, it was reasonable under these facts for State Farm not to retain an independent plumber for its investigation. Even without an independent expert, State Farm had a reasonable basis to contest the claim.

*Sixth*, State Farm did not intentionally ignore evidence of inundation. Mr. Gross was not present at the house before the leak was repaired, the photos it submitted to State Farm do not establish inundation, and Mr. Gershkowitz said he didn't remember seeing water on the floor.

*Finally*, State Farm reasonably discounted Mr. Gross's opinion about a lack of mold or microbial growth. His testimony on this point is equivocal.

Additionally, State Farm relied on its employees' experience that gradual leaks do not always cause mold, which was reasonable.

On this record, no reasonable juror could conclude, under the totality of the circumstances, that State Farm "lacked any factual basis" for its coverage decision, *Wilson*, 42 Cal. 4th at 724, failed to give due consideration to competing evidence, *id.* at 724 n.8, or used an investigation as a mere pretext for denial. *Id.* at 725. Thus, no reasonable factfinder could conclude that State Farm acted unreasonably or in bad faith. *Id.* at 723.[1]

**AFFIRMED.**

---

[1] Since we conclude State Farm's investigation was reasonable, it is not necessary to consider the Gershkowitzes' additional arguments related to increased water usage or damage in the water heater closet, the Gershkowitzes' claim for punitive damages, or State Farm's conditional cross-appeal.